UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RACHID AMRANI,

    Plaintiff,

VS.                                            CASE NO. 5:25-cv-308-JA-PRL

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, et al.,

    Defendants.

## ORDER

Since arriving in the United States in 2014, Plaintiff, Rachid Amrani, a Moroccan citizen, has filed applications for employment authorization (Form I-765) on an almost annual basis that Defendants have approved. However, in July 2025, Defendants denied Mr. Amrani's most recent application for employment authorization. In his Amended Complaint, Mr. Amrani asserts that the denial was a violation of Defendants' own regulations, and he seeks judicial review of the denial.

Defendants now move (Doc. 16) to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this Court lacks subject-matter jurisdiction and that the Amended Complaint fails to state a claim for which relief can be granted. Mr. Amrani has filed a response in

opposition (Doc. 19). After careful consideration, the motion to dismiss (Doc. 16) must be granted.

I. **Background**

After Mr. Amrani came to the United States, he married a U.S. citizen who filed a petition for an alien relative (Form I-130) on his behalf with U.S. Citizenship and Immigration Services (USCIS). And Mr. Amrani filed Form I-485, application to register permanent residence or adjust status. (Am. Compl. ¶¶ 17, 20). USCIS approved the Form I-130,[1] but it denied his I-485 application to register permanent residence or adjust status. (*Id.* ¶¶ 16, 17).

After USCIS denied Mr. Amrani's Form I-485, the Department of Homeland Security (DHS) initiated removal proceedings against him in Immigration Court. (*Id.*). In response, Mr. Amrani filed documentation showing that he had renewed "his denied Form I-485 'in proceedings under 8 CFR part 240.'" (*Id.* ¶¶ 20, 22). Mr. Amrani moved for, and the immigration judge granted, administrative closure of the proceedings so that Mr. Amrani could file an application for provisional unlawful presence waiver (Form I-601A) and pursue consular processing with the Department of State. But Mr. Amrani never filed Form I-601A, and his "removal proceedings remain pending before

---

[1] An approved Form I-130 allows an alien to apply to adjust his status to that of lawful permanent resident. *See Del Valle v. Sec'y of State*, 16 F.4th 832, 836 (11th Cir. 2021).

2

the Immigration Court." (*Id.* ¶ 21).

Despite the pending removal proceedings, almost annually since 2014 Mr. Amrani has filed applications for employment authorization (Form I-765). (*See* Doc. 14-2). When submitting his applications, he identified the class of aliens that he was a member of, as described by USCIS's regulations, that made him eligible to apply for employment authorization. Each application asserted the same grounds for his eligibility—that he fell within the class of aliens described by 8 C.F.R. § 274a.12(c)(9) (having a properly pending application to adjust status (i.e., his Form I-485)).

Over the years, USCIS granted Mr. Amrani's applications for employment authorization. (Doc. 14-1 at 2). But that changed in July 2025, when USCIS denied Mr. Amrani's January 2025 application for employment authorization. The denial referred to his administratively closed removal proceedings and stated:

> An applicant for a provisional unlawful presence waiver [Form I-601A] may not have a pending application for adjustment of status [Form I-485]. While [Mr. Amrani] never filed Form I-601A, USCIS notes that pursuit of a provisional unlawful presence waiver is at odds with a pending application for adjustment of status. See 8 CFR 212.7(e)(4)(vi). Furthermore, the Form I-130 [Mr. Amrani] based [his] [F]orm I-485 on has since been revoked under 8CFR [sic] 205.1(a)(1). Therefore, USCIS will not exercise its discretion to grant [Mr. Amrani] employment authorization under 8 CFR 274a.12(c)(9) at this time and [his] Form I-765 is denied.

(Am. Compl. ¶ 25; Doc. 14-1 at 2).

3

Mr. Amrani does not contest the information in the denial. But he asserts that the "denial . . . is a violation of [USCIS]'s own regulation, 8 C.F.R. § 274a.12(c)(9)." (Am. Compl. ¶ 30). He claims that upon "establish[ing] that he has 'an application for adjustment of status to lawful permanent resident pursuant to part 245 of [Chapter I]' that remains pending 'administrative appeal or judicial review,' he is authorized to receive an employment authorization document in accordance with 8 C.F.R. § 274a.12(c)(9)." (*Id.* ¶ 28).

The Amended Complaint "seeks judicial review of" Mr. Amrani's denied application for employment authorization under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2). (Am. Compl. ¶ 9). Alternatively, Mr. Amrani seeks mandamus relief under the Mandamus Act, 28 U.S.C. § 1361. Mr. Amrani makes clear that he is not challenging USCIS's exercise of discretion to deny his application for employment authorization but is instead challenging USCIS's determination that he was ineligible to apply for employment authorization.

Defendants now move to dismiss the Amended Complaint, arguing that the Court lacks subject-matter jurisdiction and that the Amended Complaint fails to state a claim upon which relief can be granted. The issue of subject-matter jurisdiction is dispositive here.

## II.    Legal Standards

To survive a Rule 12(b)(1) motion to dismiss, a plaintiff must sufficiently allege that the court has subject-matter jurisdiction to hear the plaintiff's

4

claims. Under Rule 12(b)(1), there are two types of attacks on subject-matter jurisdiction—facial and factual. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). Here, Defendants facially attack the Amended Complaint, asserting a "lack of subject-matter jurisdiction solely on the basis of the pleadings." *Id.* When the attack is facial, the court accepts "the allegations as true in deciding whether to grant the motion." *Id.*

### III. Discussion

The Amended Complaint asserts that the Court has subject-matter jurisdiction under the federal-question statute, 28 U.S.C. § 1331, and under the Mandamus Act. Subject-matter jurisdiction under the federal-question statute depends on whether judicial review under the APA is available. Defendants argue that neither the APA (through the federal-question statute) nor the Mandamus Act provides for subject-matter jurisdiction because USCIS's decision regarding Mr. Amrani's employment-authorization application is discretionary. As set forth below, Defendants are correct, and the motion to dismiss must be granted.

#### A. The Administrative Procedure Act

"Under the Administrative Procedure Act, an agency action, finding, or conclusion can be set aside where it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348, 1352 (11th Cir. 2017) (quoting 5 U.S.C.

§ 706(2)(A)). Although agency action is presumptively subject to judicial review under the APA, 5 U.S.C. § 702, not all agency action is judicially reviewable under the APA. Courts lack subject-matter jurisdiction "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Under USCIS's regulations, approval of employment-authorization applications filed under 8 C.F.R. § 274a.12(c)(9) is committed to USCIS's discretion. 8 C.F.R. § 274a.13(a)(1). And while judicial review is available if a statute or regulation provides some "meaningful standard against which to judge the agency's exercise of discretion," *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008), here there is no "meaningful standard" that allows for judicial review under the APA of USCIS's decision regarding Mr. Amrani's application for employment authorization, including his eligibility to apply, under 8 C.F.R. § 274a.12(c)(9).

The lack of a meaningful standard is clear from Mr. Amrani's argument, which relies on his interpretation of USCIS's regulations. Mr. Amrani argues that USCIS's regulations create a two-step procedure for it to consider employment-authorization applications, with an initial nondiscretionary step. In his view, before USCIS can exercise its discretion at the "second step,"[2] it

---

[2] Mr. Amrani does not dispute that USCIS's ultimate decision to grant or deny his application for employment authorization is discretionary.

must determine that Mr. Amrani was an alien eligible to apply for employment authorization under 8 C.F.R. § 274a.12(c)(9) because he provided sufficient evidence that he had a properly pending "application for adjustment of status."

But 8 C.F.R. § 274a.12(c)(9) does not speak to USCIS's obligations or procedures to determine an alien's eligibility to apply for employment authorization.[3] It merely states that an alien "must apply" for employment authorization if he has a properly pending "application for adjustment of status." 8 C.F.R. § 274a.12(c)(9). USCIS's regulations do not identify when an application for adjustment of status is considered properly pending or what evidence is needed to show an application is properly pending. Mr. Amrani does not cite any regulation that provides such standards.

---

[3] 8 C.F.R. § 274a.12(c)(9) describes one class of alien that "must apply for work authorization." Specifically, an alien must apply for work authorization if he:

> filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter. For purposes of section 245(c)(8) of the Act, an alien will not be deemed to be an "unauthorized alien" as defined in section 274A(h)(3) of the Act while his or her properly filed Form I-485 application is pending final adjudication, if the alien has otherwise obtained permission from the Service pursuant to 8 CFR 274a.12 [sic] to engage in employment, or if the alien had been granted employment authorization prior to the filing of the adjustment application and such authorization does not expire during the pendency of the adjustment application. Upon meeting these conditions, the adjustment applicant need not file an application for employment authorization to continue employment during the period described in the preceding sentence.

8 C.F.R. § 274a.12(c)(9).

7

And precedent fails to provide the meaningful standard that USCIS's regulations lack. Mr. Amrani does not cite precedent—nor has the Court found any—that requires USCIS to make a nondiscretionary eligibility determination under § 274a.12(c)(9). (*See, e.g.*, Doc. 19 at 7 (arguing that under *Kurapati v. United States Bureau of Citizenship & Immigration Services*, 775 F.3d 1255 (11th Cir. 2014), Mr. Amrani can challenge USCIS's failure to follow its own procedures or court precedent)). The consideration of employment-authorization applications is committed by law to USCIS's discretion, and neither statute, regulation, nor precedent limits USCIS's discretion.

Accordingly, judicial review is unavailable under the APA, and thus the federal-question statute does not provide subject-matter jurisdiction here.

### B. The Mandamus Act

Mr. Amrani also asserts subject-matter jurisdiction under the Mandamus Act. But mandamus relief "is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004). Because the decision to grant or deny employment authorization does not involve a "clear nondiscretionary duty," this Court does not have subject-matter jurisdiction under the Mandamus Act. As discussed above, USCIS's employment-authorization decisions, including determinations of an alien's eligibility to apply, are within its discretion.

## IV. Conclusion

Accordingly, Defendants' motion to dismiss (Doc. 16), is **GRANTED** under Federal Rule of Civil Procedure 12(b)(1). This action is dismissed for lack of subject-matter jurisdiction. The Clerk is directed to close this case.

**DONE** and **ORDERED** on December 17th, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record